THEODORE J. SERVISS, as Receiver of the Property of MICHAEL MICHAELSON, Appellant, v. SAMUEL HIRSH and Another, Respondents.— In an action to recover a balance due on contract, judgment in favor of the defendants dismissing the complaint reversed upon the law and the facts, with costs, and judgment directed for plaintiff for the relief demanded in the complaint, with costs. Any findings of fact made by the trial court to the effect that the judgment debtor Michaelson was unwilling or unable to perform the contract on his part; that he waived the tender by the defendants required by the contract; that he refused or failed to execute the lease in question and that the tender made by the defendants of the garage business at a different location was sufficient, and that there was any breach, on the part of Michaelson, of the contract in question, are reversed. New findings of fact and conclusions of law to support the judgment to be entered upon this decision will be made. In our opinion, the second trial of this action has resulted in no material change in the facts as presented on the first appeal. Prior to the attempt by the defendants to exercise the option contained in the contract, they had become unable to comply with the terms thereof upon which their right depended. For failure to pay rent they had been dispossessed from the premises where the garage business was conducted and had removed it to another and inferior location. The tender of such business at the new location was clearly not a compliance with the terms of the contract. They were also unable to reassign their interest in the lease to the premises from which they had been dispossessed. The failure of Michaelson to make the new lease provided for in the contract is immaterial and did not constitute a breach of the contract on his part because the defendants obtained, by the assignment of the lease, as modified by the contract, the same rights they would have obtained by the new lease. The ability of Michaelson to return the $12,000, as provided in the agreement, is of no importance, where it appears that the defendants had entirely disabled themselves from exercising the option contained in the contract for their benefit. No duty devolved upon Michaelson to return this $12,000 until defendants had made a legal exercise of their option. This they never did, and were unable to do. Lazansky, P. J., Young, Carswell, Scudder and Davis, JJ., concur. Settle order on notice.

JAMES TIERNEY, Appellant, v. NEW YORK RAPID TRANSIT CORPORATION, Respondent.— In an action for personal injuries, judgment for the defendant, entered upon a dismissal of the complaint, reversed on the law and the facts and a new trial granted, costs to abide the event. We are of the opinion that the jury might find that the absence of light on the stairway was at least an efficient, concurring, proximate cause of the accident. The plaintiff not only testified that he caught his heel in the plate on the stairway, but also that his foot struck the plate, and he fell down the stairway. On this testimony, it could not be held as a matter of law that the catching of his heel in the plate was the sole cause of the accident. Lazansky, P. J., Young, Carswell, Scudder and Johnston, JJ., concur.